Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL X

| | | |
|---|---|---|
| MUNICIPIO DE JUANA DÍAZ<br><br>Recurrido<br><br><br>V.<br><br><br>CASH AND CARRY FRIGORÍFICO-ALMACÉN SOMOS, INC.<br><br>Peticionaria | KLCE202400302 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Juana Díaz<br><br>Caso Núm.: JD2022CV00501<br><br>Sobre: Acción Reivindicatoria |

Panel integrado por su presidenta; la Juez Lebrón Nieves, la Juez Barresi Ramos y la Jueza Santiago Calderón

*Lebrón Nieves, Juez Ponente*

## RESOLUCIÓN

En San Juan, Puerto Rico, a 30 de abril de 2024.

El 11 de marzo de 2024, compareció ante este Tribunal de Apelaciones, Cash and Carry Frigorífico – Almacén Somos Incorporado h/n/c Supermercados Plaza (en adelante, Cash and Carry o parte peticionaria), por medio de *Certiorari*. Mediante este, nos solicita que revisemos la *Orden* emitida y notificada el 27 de noviembre de 2023, por el Tribunal de Primera Instancia, Sala Superior de Juana Díaz. En virtud del aludido dictamen, el foro *a quo* le anotó la rebeldía a la parte peticionaria. El mismo día, Cash and Carry solicitó la reconsideración, mas, la misma fue denegada por el tribunal primario, el 28 de noviembre de 2023.[1]

Posteriormente, el 26 de diciembre de 2023, Cash and Carry presentó una segunda solicitud de reconsideración, intitulada *Solicitud para que se Deje sin Efecto la Anotación de Rebeldía y se*

---

[1] Apéndice del recurso de *Certiorari*, pág. 116.

*Acoja la Contestación a la Demanda Enmendada.*[2] Tras la oposición del Municipio de Juana Díaz (en adelante, Municipio o recurrido), una réplica y una dúplica, el Tribunal de Primera Instancia dictó tres órdenes relacionadas al asunto, manteniendo la anotación de rebeldía a Cash and Carry.[3]

Por los fundamentos que adelante se esbozan, se desestima el recurso de *Certiorari* por falta de jurisdicción, por haber sido presentado el mismo de forma tardía.

**I**

El 5 de septiembre de 2022, el Municipio instó una *Demanda* contra Cash and Carry sobre acción reivindicatoria.[4] El 19 de enero de 2023, Cash and Carry presentó *Comparecencia y Solicitud de Prórroga para Contestar la Demanda.*[5] A grandes rasgos, solicitó un término adicional de treinta (30) días, a vencer el 27 de febrero de 2023, para contestar la demanda, y presentar sus alegaciones responsivas y defensas afirmativas. El 20 de enero de 2023, el foro de instancia concedió el plazo requerido.[6]

En el ínterin, el 6 de febrero de 2023, Cash and Carry incoó *Oposición a Solicitud de Orden y Solicitud de Desestimación.* En lo pertinente, arguyó que, la *Demanda* no cumplía con los requisitos en ley para que procediera la acción reivindicatoria, por lo que la misma debía desestimarse. El 27 de febrero de 2023, el Municipio presentó *R[é]plica a "Oposici[ó]n a Solicitud de Orden y Moci[ó]n de Desestimaci[ó]n".*[7]

El mismo día, Cash and Carry presentó una *Moción Informativa sobre Interrupción del Término para Contestar la*

---

[2] *Íd.*, págs. 123-128.
[3] *Íd.*, págs. 165, 166 y 167.
[4] *Íd.*, págs. 1-5.
[5] *Íd.*, págs. 9-10.
[6] Véase, entrada número 9 del expediente electrónico en el Sistema Unificado de Manejo y Administración de Casos (SUMAC).
[7] Apéndice del recurso de *Certiorari,* págs. 43-82.

*Demanda*[8], arguyendo que, la presentación de la solicitud de desestimación había interrumpido el plazo para contestar la *Demanda*, conforme lo dispuesto en la Regla 10.1 de las Reglas de Procedimiento Civil, 32 LPRA Ap. V., R. 10.1. Luego, el 15 de marzo de 2023, esta presentó *Réplica en Apoyo a Solicitud de Desestimación*.[9]

Cabe señalar que, el 16 de mayo de 2024, la parte peticionaria presentó dos escritos al foro *a quo*, relacionados a su representación legal.[10] Mediante estos, se informó la renuncia de uno de los representantes legales de Cash and Carry, y se solicitó al tribunal de instancia que, ordenara a la Secretaría a notificarle todo documento, moción o escrito relacionado al caso, al licenciado que permaneció representando a la parte peticionaria. El mismo día, el foro *a quo* dictó dos *Órdenes*, declarando Ha Lugar tanto la solicitud relacionada a las notificaciones como a la renuncia a la representación legal.[11]

Tras varias incidencias procesales, innecesarias pormenorizar para atender el recurso que nos ocupa, el 14 de agosto de 2023, el Municipio presentó *Demanda Enmendada*, a los únicos fines de corregir el número de catastro de la propiedad en controversia.[12]

Posteriormente, el 27 de noviembre de 2023, el recurrido presentó *Moción de Anotación en Rebeldía*.[13]  Ello, en vista de que Cash and Carry no había contestado la *Demanda Enmendada*, dentro del término de noventa (90) días dispuesto por ley. A esos efectos, el mismo 27 de noviembre de 2023, el foro de instancia emitió *Orden*, declarando Ha Lugar la solicitud del Municipio y anotando la rebeldía a la parte peticionaria.[14]

---

[8] *Íd.*, págs. 83-84
[9] *Íd.*, págs. 87-91.
[10] *Íd.*, págs. 92-93; Entrada número 25 del expediente electrónico en el SUMAC.
[11] Apéndice del recurso de *Certiorari*, págs. 94 y 95.
[12] *Íd.*, págs. 104-106.
[13] *Íd.*, pág. 108.
[14] *Íd.*, pág. 109.

En ese mismo día, Cash and Carry presentó *Solicitud de Reconsideración sobre Anotación de Rebeldía y Solicitud de Periodo de Tiempo para Contestar la Demanda Enmendada Luego de no Haber Recibido Notificación de la Presentación de la Misma.*[15] A través de esta, sostuvo que, nunca recibió el correo electrónico que de ordinario se recibe, notificándole la presentación electrónica de la *Demanda Enmendada*. Manifestó que, fue ese mismo día, cuando pudo corroborar a través del SUMAC que, en efecto, se había presentado una *Demanda Enmendada*. En adición, indicó que, la única alegación que se modificó, y que no había sido contestada, era la del párrafo cinco (5) de la *Demanda Enmendada*.

El Municipio se opuso, mediante *Oposición a Moción de Reconsideración*, el 28 de noviembre de 2023.[16] Más tarde ese mismo día, el foro *a quo* declaró No Ha Lugar la solicitud de la parte peticionaria.[17]

No empece lo anterior, el 11 de diciembre de 2023, Cash and Carry presentó una *Moción Solicitando Aclaración de Orden Sobre Efecto de la Anotación de Rebeldía.*[18] Por medio de esta, arguyó nuevamente que, la única alegación que no fue contestada a tiempo fue la que se añadió en la *Demanda Enmendada*, a saber, el número de catastro de la propiedad. En virtud de ello, solicitó al foro de instancia que, aclarara su orden de anotación de rebeldía y estableciera cuál era el efecto que vislumbraba con relación a la misma, en vista de que ya se había contestado la demanda y el único cambio había sido el antes reseñado.

En atención a ello, el 20 de diciembre de 2023, y notificada al día siguiente, el Tribunal de Primera Instancia emitió *Orden*, resolviendo como sigue:

---

[15] *Íd.*, págs. 110-113.
[16] *Íd.*, págs. 114-115.
[17] *Íd.*, pág. 116.
[18] *Íd.*, págs. 118-120.

**NADA QUE DISPONER**. PREVIAMENTE SE DECLAR[Ó] NO HA LUGAR A LA RECONSIDERACI[Ó]N SOBRE ANOTACI[Ó]N DE REBELD[Í]A. LA PARTE DEMANDADA *NUNCA* PRESENT[Ó] CONTESTACI[Ó]N A DEMANDA. V[É]ASE ENTRADAS 14, 19, 28, 32, 33, 34 Y 35 EN SUMAC. EL T[É]RMINO DISPUESTO EN LA REGLA 10.1 VENCI[Ó] SIN PRESENTAR CONTESTACI[Ó]N A LA DEMANDA ORIGINAL NI A DEMANDA ENMENDADA. (Énfasis en el original.)[19]

Aún resuelto lo anterior, el 26 de diciembre de 2023, Cash and Carry presentó nuevamente una *Solicitud para que se Deje sin Efecto la Anotación de Rebeldía y se Acoja la Contestación a la Demanda Enmendada.*[20] En apretada síntesis, la parte peticionaria insistió en no haber recibido la notificación electrónica de la presentación de la *Demanda Enmendada.*

Precisa señalar que, simultáneo a la presentación de la referida solicitud, Cash and Carry presentó su *Contestación a la Demanda y Defensas Afirmativas.*[21]

El 2 de enero de 2024, el Municipio presentó su *Oposición a "Solicitud para que se Deje Sin Efecto la Anotación de Rebeldía y se Acoja la Contestación a la Demanda Enmendada"*, esgrimiendo que, el foro primario carecía de jurisdicción para atender la solicitud, puesto que la anotación de rebeldía ya era final y firme.[22] En detalle, sostuvo que, el Tribunal de Primera Instancia había adjudicado de manera definitiva el asunto de la anotación de rebeldía el 28 de noviembre de 2023, al declarar no ha lugar la moción de reconsideración. Arguyó que, Cash and Carry tenía hasta el 28 de diciembre de 2023 para acudir ante esta Curia, más no lo hizo, por lo que la determinación advino final y firme, y era ley del caso. Por último, esgrimió que, la moción incoada por Cash and Carry suponía un "refrito" de la moción de reconsideración antes presentada.

---

[19] *Íd.*, pág. 121-122.
[20] *Íd.*, págs. 123-128.
[21] *Íd.*, págs. 129-145.
[22] *Íd.*, págs. 146-148.

El 5 de febrero de 2024, Cash and Carry replicó mediante *Réplica de la Demandada a la Oposición de la Demandante a la Solicitud para que Se Deje sin Efecto la Anotación de Rebeldía y se Acoja la Contestación a la Demanda Enmendada.*[23] Esencialmente, arguyó que, la anotación de rebeldía constituía una resolución interlocutoria, la cual no se convertía en final y firme hasta tanto el caso concluyera en su totalidad, y transcurriera el término para recurrir ante este Tribunal revisor.

Al próximo día, 6 de febrero de 2024, el Municipio presentó *Dúplica a "Réplica de la Demandada a la Oposición de la Demandante a la Solicitud para que Se Deje sin Efecto la Anotación de Rebeldía y se Acoja la Contestación a la Demanda Enmendada".*[24]

Atendido los escritos de las partes de epígrafe, el 9 de febrero de 2024, el Tribunal de Primera Instancia emitió tres *Órdenes* referentes a los mismos, manteniendo la anotación de rebeldía de la parte peticionaria.[25] El Tribunal de Primera Instancia expresó que, Cash and Carry no había demostrado justa causa para variar la determinación.

Inconforme aún con el dictamen del foro *a quo*, Cash and Carry acudió ante este foro revisor el 11 de marzo de 2024, mediante recurso de *Certiorari*, y realizó el siguiente señalamiento de error:

> Erró el Honorable Tribunal de Primera Instancia al anotar la rebeldía contra la Peticionaria/Demandada, luego de ésta haber comparecido diligente y responsablemente en todo momento al Tribunal de Instancia, después [de] haber presentado una moción de desestimación y luego de haberse trabado la controversia entre las partes, debido a que se contestó tardíamente una Demanda que fue **enmendada a instancias del propio Tribunal de Instancia, luego de la moción de desestimación presentada por la Peticionaria/Demandada**, en una acción reivindicatoria en la que [la] Peticionada/Demandante desea obtener la posesión inmediata de una propiedad que está sujeta a un derecho de usufructo que posee la Peticionaria/Demandada. La Peticionaria **nunca**

---

[23] *Íd.*, págs. 152-160.
[24] *Íd.*, págs. 161-164.
[25] *Íd.*, págs. 165, 166 y 167.

**recibió la notificación electrónica** de la presentación de la Demanda Enmendada, y el retraso en contestar la Demanda Enmendada también ocurrió en **circunstancias que constituyen negligencia excusable** luego de la renuncia a la representación legal del abogado que estaba manejando principalmente el caso y como resultado de la confusión procesal creada en el abogado suscribiente, lo cual ahora privará a la Peticionaria/Demandada de su día en corte y creará un inevitable fracaso de la justicia.

Mediante *Resolución* emitida el 26 de marzo de 2024, le concedimos al recurrido hasta el 11 de abril de 2024, para que se expresara en torno al recurso de *Certiorari* incoado. Le apercibimos que, transcurrido el término dispuesto, el recurso se entendería perfeccionado para su adjudicación final.

Tras una prórroga solicitada por el Municipio, y concedida por esta segunda instancia judicial, el 16 de abril de 2024, compareció el Municipio, mediante *Moción de Desestimación por Falta de Jurisdicción*. Luego, el 18 de abril de 2024, el recurrido interpuso *Alegato del Recurrido Municipio de Juana Díaz*.

Con el beneficio de la comparecencia de las partes, procedemos a disponer del recurso ante nuestra consideración.

**II**

**A. *Certiorari***

El certiorari es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar discrecionalmente una decisión de un tribunal inferior. *Caribbean Orthopedics v. Medshape et al.*, 207 DPR 994, 1004 (2021); *Pueblo v. Rivera Montalvo*, 205 DPR 352, 372 (2020); *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 728-729 (2016); *IG Builders et al. v. BBVAPR*, 185 DPR 307, 337-338 (2012); *Pueblo v. Díaz de León*, 176 DPR 913, 917 (2009). Ahora bien, tal "discreción no opera en lo abstracto. A esos efectos, la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, dispone los criterios que dicho foro deberá considerar, de manera que pueda ejercer sabia y prudentemente su

decisión de atender o no las controversias que le son planteadas".

*Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008); *Pueblo*

*v. Rivera Montalvo*, supra, pág. 372. La precitada Regla dispone lo

siguiente:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de certiorari o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) Si la etapa de los procedimientos en que se presenta el caso es la más propicia para su consideración.
>
> (F) Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.[26]

No obstante, "ninguno de los criterios antes expuestos en la

Regla 40 del Reglamento del Tribunal de Apelaciones, supra, es

determinante, por sí solo, para este ejercicio de jurisdicción, y no

constituye una lista exhaustiva". *García v. Padró*, 165 DPR 324, 327

(2005). Por lo que, de los factores esbozados "se deduce que el foro

apelativo intermedio evaluará tanto la corrección de la decisión

recurrida, así como la etapa del procedimiento en que es presentada;

esto, para determinar si es la más apropiada para intervenir y no

---

[26] 4 LPRA Ap. XXII-B, R. 40.

ocasionar un fraccionamiento indebido o una dilación injustificada del litigio". *Torres Martínez v. Torres Ghigliotty*, supra, pág. 97.

Por otro lado, a partir del 1 de julio de 2010, se realizó un cambio respecto a la jurisdicción del Tribunal Apelativo para revisar los dictámenes interlocutorios del Tribunal de Primera Instancia mediante recurso de *certiorari*. A tal fin, la Regla 52.1 de Procedimiento Civil, *supra*, dispone, en su parte pertinente, lo siguiente:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión. (Énfasis nuestro). Regla 52.1 de Procedimiento Civil, *supra*.

Según se desprende de la precitada Regla, este foro apelativo intermedio podrá revisar órdenes interlocutorias discrecionalmente, cuando se recurre de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía o en casos de relaciones de familia o que revistan interés público, o en aquellas circunstancias en las que revisar el dictamen evitaría un irremediable fracaso de la justicia, entre otras contadas excepciones.

El certiorari, como recurso extraordinario discrecional, debe ser utilizado con cautela y solamente por razones de peso. *Pérez v. Tribunal de Distrito*, 69 DPR 4, 7 (1948). Este procede cuando no está disponible la apelación u otro recurso que proteja eficaz y

rápidamente los derechos del peticionario. *Pueblo v. Tribunal Superior*, 81 DPR 763, 767 (1960). Nuestro Tribunal Supremo ha expresado también que "de ordinario, el tribunal apelativo no intervendrá con el ejercicio de la discreción de los tribunales de instancia, salvo que se demuestre que hubo un craso abuso de discreción, o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial*". Zorniak Air Servs. v. Cessna Aircraft Co.*, 132 DPR 170, 181 (1992*); Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000).

### B. *Jurisdicción*

En reiteradas ocasiones el Tribunal Supremo de Puerto Rico ha manifestado que la jurisdicción es el poder o la autoridad que tiene un tribunal para considerar y decidir casos o controversias. Conforme a ello, en toda situación jurídica que se presente ante un foro adjudicativo, lo primero que se debe considerar es el aspecto jurisdiccional. Esto debido a que los tribunales tienen la responsabilidad indelegable de examinar, en primera instancia, su propia jurisdicción. (Citas omitidas). *Ruiz Camilo v. Trafon Group, Inc.,* 200 DPR 254, 267 (2018).[27]

Así, nuestra Máxima Curia ha reafirmado que los tribunales debemos ser celosos guardianes de nuestra jurisdicción, por lo cual, los asuntos relacionados con esta son privilegiados y deben atenderse de manera preferente. *FCPR v. ELA et al.*, supra; *Pueblo v. Ríos Nieves*, 209 DPR 264, 273 (2022); *Torres Alvarado v. Madera Atiles*, supra, pág. 500.

---

[27] Véase también, *FCPR v. ELA et al.*, 2023 TSPR 26, 211 DPR ___ (2023); *Pueblo v. Ríos Nieves*, 209 DPR 264, 273 (2022); *Torres Alvarado v. Madera Atiles*, 202 DPR 495, 499-500 (2019).

Como es sabido, es deber ministerial de todo tribunal, cuestionada su jurisdicción por alguna de las partes o incluso cuando no haya sido planteado por éstas, examinar y evaluar con rigurosidad el asunto jurisdiccional, pues éste incide directamente sobre el poder mismo para adjudicar una controversia. (Citas omitidas). *Ruiz Camilo v. Trafon Group,* Inc., supra, pág. 268.[28]

Por definición, un requisito jurisdiccional es aquel que debe cumplirse antes de que el tribunal pueda conocer del pleito. En particular, un término jurisdiccional es fatal, improrrogable e insubsanable, por lo que no puede acortar ni extender. Asimismo, se ha resuelto que el incumplimiento de una parte con un término jurisdiccional establecido por ley priva al tribunal de jurisdicción para atender los méritos de la controversia. (Citas omitidas). *Ruiz Camilo v. Trafon Group, Inc.,* supra, págs. 268-269.

Una de las instancias en la que un foro adjudicativo carece de jurisdicción es cuando se presenta un recurso tardío o prematuro, ya que éste adolece del grave e insubsanable defecto de privar de jurisdicción al tribunal al cual se recurre. Esto ocurre debido a que su presentación carece de eficacia y no produce ningún efecto jurídico, ya que en ese momento o instante en el tiempo todavía no ha nacido autoridad judicial o administrativa para acogerlo. (Citas omitidas). *Íd.,* pág. 269.

Por consiguiente, si un tribunal, luego de realizado el análisis, entiende que no tiene jurisdicción sobre un recurso, sólo tiene autoridad para así declararlo. De hacer dicha determinación de carencia de jurisdicción, el tribunal debe desestimar la reclamación ante sí sin entrar en sus méritos. Lo anterior, basado en la premisa de que si un tribunal dicta sentencia sin tener jurisdicción, su decreto será jurídicamente inexistente o *ultravires. Pueblo v. Ríos*

---

[28] Véase, además, *Torres Alvarado v. Madera Atiles*, supra.

*Nieves*, supra; *Cordero et al. v. ARPe et al.*, 187 DPR 445, 447 (2012).[29]

Cónsono con lo anterior, la Regla 83 del Reglamento del Tribunal de Apelaciones[30], confiere facultad a este Tribunal para, a iniciativa propia o a petición de parte, desestimar un recurso de apelación o denegar un auto discrecional cuando este foro carece de jurisdicción.

### C. *Reglas 47 y 52.2 de Procedimiento Civil*

La Regla 52.2(c) de Procedimiento Civil, 32 LPRA Ap. V, R. 52.2(c), dispone que, los recursos de *certiorari* ante el Tribunal de Apelaciones para revisar resoluciones, en casos donde el Estado y los municipios, sus funcionarios(as) o una de sus instrumentalidades, excluyendo a las corporaciones públicas, sean parte, deberán presentarse dentro del término de sesenta (60) días, contados a partir de la fecha del archivo en autos de copia de la resolución recurrida. De igual forma, la Regla 52.2, *supra*, establece múltiples instancias en las que el aludido término puede ser interrumpido. En lo pertinente, la Regla 52.2(g), 32 LPRA Ap. V. R. 52.2(g), dispone lo siguiente:

> *(g) Interrupción del término para presentar una solicitud de certiorari ante el Tribunal de Apelaciones*. El transcurso del término para presentar ante el Tribunal de Apelaciones una solicitud de *certiorari* se interrumpirá y comenzará a contarse de nuevo en conformidad con lo dispuesto en la Regla 47.

La Regla 47 de Procedimiento Civil, 32 LPRA Ap. V, R. 47, dispone como sigue:

> **Regla 47. Reconsideración**
>
> La parte adversamente afectada por una orden o resolución del Tribunal de Primera Instancia podrá presentar, dentro del término de cumplimiento estricto de quince (15) días desde la fecha de la notificación de la orden o resolución, una moción de reconsideración de la orden o resolución.

---

[29] *Íd.*, pág. 501.
[30] 4 LPRA Ap. XXII-B, R. 83.

[…]

Una vez presentada la moción de reconsideración quedarán interrumpidos los términos para recurrir en alzada para todas las partes. Estos términos comenzarán a correr nuevamente desde la fecha en que se archiva en autos copia de la notificación de la resolución resolviendo la moción de reconsideración.

[…].

Es decir, una vez una de las partes presente una moción de reconsideración, los términos para recurrir de la decisión del foro de primera instancia quedarán interrumpidos para todas las partes del pleito.

Por otro lado, y en lo pertinente al caso de marras, el Tribunal Supremo de Puerto Rico ha resuelto que, la presentación de una **segunda moción de reconsideración** únicamente interrumpe el término para recurrir al Tribunal de Apelaciones en las siguientes instancias: (1) cuando el dictamen impugnado fue alterado sustancialmente como consecuencia de una Moción de Reconsideración anterior, independientemente de quien la haya presentado, y (2) cuando la misma cumple con los criterios de especificidad y particularidad que exige la Regla 47 de las de Procedimiento Civil, *supra. Marrero Rodríguez v. Colón Burgos*, 201 DPR 330, 342 (2018).

Esbozada la normativa jurídica que enmarca la controversia de epígrafe procedemos a resolver.

### III

Como tribunal apelativo, en primer lugar, estamos obligados a examinar si tenemos jurisdicción para atender el recurso ante nuestra consideración. La parte peticionaria nos solicita la revisión de una *Orden* emitida y notificada el 27 de noviembre de 2023, mediante la cual, el Tribunal de Primera Instancia le anotó la rebeldía. Examinado detenidamente el escrito ante nuestra

consideración, concluimos que, carecemos de jurisdicción para entender en el mismo. Veamos.

Conforme reseñado, el 27 de noviembre de 2023 el foro de instancia declaró Ha Lugar una solicitud de anotación de rebeldía presentada por el Municipio.[31] El mismo día, la parte peticionaria solicitó la reconsideración de dicho dictamen, mediante su *Solicitud de Reconsideración sobre Anotación de Rebeldía y Solicitud de Periodo de Tiempo para Contestar la Demanda Enmendada Luego de no Haber Recibido Notificación de la Presentación de la Misma*.[32] No obstante, el 28 de noviembre de 2023, el Tribunal de Primera Instancia declaró la misma No Ha Lugar.[33]

Posteriormente, el 26 de diciembre de 2023, Cash and Carry presentó una *Solicitud para que se Deje sin Efecto la Anotación de Rebeldía y se Acoja la Contestación a la Demanda Enmendada*.[34] De una minuciosa lectura de esta, surge con meridiana claridad que, se trata de una **segunda solicitud de reconsideración**.

A tenor con el derecho expuesto, una parte adversamente afectada por una determinación interlocutoria, en un pleito donde el Estado es parte, goza de un término de sesenta (60) días para solicitar la revisión de la misma ante este foro revisor, a través de un recurso de *certiorari*, contados a partir de la notificación de la resolución u orden. 32 LPRA Ap. V, R. 52.2(c). Dicho término, puede ser interrumpido para todas las partes, mediante la presentación oportuna de una solicitud de reconsideración. 32 LPRA Ap. V, R. 47. De manera que, tras la presentación de una solicitud de reconsideración, los términos para solicitar la revisión comenzarán a correr nuevamente "desde la fecha en que se archiva en autos

---

[31] Apéndice del recurso de *Certiorari*, págs. 109.
[32] *Íd.*, págs. 110-113.
[33] *Íd.*, pág. 116.
[34] *Íd.*, págs. 123-128.

copia de la notificación de la resolución resolviendo la moción de reconsideración." *Íd.*

Ahora bien, la presentación de una segunda moción de reconsideración, de ordinario, no aprovecha el mismo efecto interruptor. *Marrero Rodríguez v. Colón Burgos, supra.* Para que una segunda moción de reconsideración interrumpa el término para acudir ante este Tribunal Apelativo, la misma debe exponer, tanto los hechos o el derecho a reconsiderarse, como las alteraciones sustanciales producto de una primera reconsideración. *Íd.*, págs. 343-342.

En atención al caso de marras, surge de manifiesto que, la *Orden* recurrida no fue sustancialmente alterada como producto de la primera moción de reconsideración. Por el contrario, el Tribunal de Primera Instancia mantuvo su determinación inalterada, volviendo a declarar la misma No Ha Lugar. Habida cuenta de ello, resulta forzoso concluir que, si bien la primera moción de reconsideración interrumpió el término para acudir ante esta Curia, no fue así con respecto a la segunda solicitud de reconsideración presentada por Cash and Carry.

Al no interrumpirse nuevamente el término para solicitar la revisión de la *Orden* recurrida, el plazo de sesenta (60) días para acudir ante nos, comenzó a transcurrir a partir de la notificación de la denegatoria de la primera solicitud de reconsideración, es decir, desde el 28 de diciembre de 2023. De modo que, la parte peticionaria tenía hasta el 26 de febrero de 2024 para presentar su recurso de *Certiorari.* No obstante, Cash and Carry incoó el mismo, el 11 de marzo de 2024. Esto es, catorce (14) días luego de expirado el término para su presentación. Al así actuar, la parte peticionaria nos privó de jurisdicción para entrar en los méritos del recurso de epígrafe.

**IV**

Por los fundamentos que anteceden, se desestima el recurso de *Certiorari* por falta de jurisdicción, por haber sido presentado el mismo de forma tardía.

Notifíquese.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones